IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALICE SMITH, an individual residing in Portland, Maine ) ) ) ) Plaintiff, ) ) vs. ) ) FAIRBANK FARMS, INC., a foreign ) corporation; FAIRBANK ) RECONSTRUCTION CORP., d/b/a ) FAIRBANK FARMS, a foreign corporation, ) ) Defendants. ) | Civil No. 10-____ COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL |

The plaintiff Alice Smith, by and through her counsel of record, Peter Felmly, Esquire, and William D. Marler, Esquire, (pending admission *pro hac vice*) states, alleges and complains as follows:

**PARTIES**

1. At all materials times hereto, the plaintiff Alice Smith was a resident of Portland, Cumberland County, Maine.

2. The defendant Fairbank Farms, Inc. (Fairbank Farms), upon information and belief, is a company organized and existing under the laws of the State of New York. At all times relevant hereto the defendant was a manufacturer of beef products, including those manufactured at the defendant's facility in Ashville, New York, identified as United States Department of Agriculture (USDA) establishment number 492.

3. The defendant Fairbank Reconstruction Corp, d/b/a Fairbank Farms (Fairbank Farms), upon information and belief, is a company organized and existing under the laws of the State of New York. At all times relevant hereto the defendant was a manufacturer of beef products, including those manufactured at the defendant's facility in Ashville, New York, identified as United States Department of Agriculture (USDA) establishment number 492.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, and it is between citizens of different states.

5. Venue in the United States District Court for the District of Maine is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to the plaintiff's claims and causes of action occurred in this judicial district. Additionally, the defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## FACTUAL ALLEGATIONS

6. On October 31, 2009, USDA Food Safety and Inspection Service (FSIS) announced the recall of approximately 545,699 pounds of fresh ground beef products produced by the defendants between September 14 and September 16, 2009. The recall release number was FSIS-RC-059-2009. The recall was based on an ongoing investigation by the Centers for Disease Control (CDC), and Connecticut, Maine, and Massachusetts state health and agriculture departments into a cluster of *E. coli* O157:H7 infections.

7. On or about September 23, 2009, the plaintiff purchased ground beef manufactured by the defendants at the Shaw's grocery store at the Westgate Shopping Center in Portland, Maine. Ms. Smith subsequently stored the purchased ground beef in her freezer.

8. Ms. Smith consumed the ground beef manufactured by the defendants in late October or early November, 2009. Ms. Smith subsequently fell ill on November 6, 2009 with symptoms consistent with an *E. coli* O157:H7 infection.

9. As a result of her *E. coli* O157:H7 infection, Ms. Smith was hospitalized from November 9 through December 1, 2009, when she was discharged to a rehabilitation center. Ms. Smith developed hemolytic uremic syndrome (HUS) as a result of her *E. coli* O157:H7 infection during her hospitalization. While hospitalized, Ms. Smith tested positive for *E. coli* O157:H7 of a strain matching that associated with the outbreak of illnesses and recall of product linked to the defendants' ground beef referenced in Paragraph 6.

10. Ms. Smith was discharged from the rehabilitation center on December 16, 2009. Ms. Smith continues to suffer from injuries resulting from her *E. coli* O157:H7 infection.

11. As a result of her consumption of the defendants' ground beef product, Alice Smith has suffered severe and permanent injuries. The plaintiff has suffered general and special, incidental and consequential damages as the direct and proximate result of the acts and omissions of the defendants, which damages shall be fully proven at the time of trial. These damages both past and future, include, but are not limited to: pain and suffering; damages for wage loss; medical and medical related expenses; emotional distress, fear of harm, and humiliation; and all other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

## COUNT I:  STRICT PRODUCTS LIABILITY

12. The Plaintiff repeats and realleges the allegations in Paragraphs 1 through 11 as though fully set forth herein.

13. The defendants were at all times relevant hereto the manufacturers and sellers of the adulterated food product that is the subject of the action.

14. The adulterated food product that the defendants manufactured, distributed, and/or sold was, at the time it left the defendants' control, defective and unreasonably dangerous for its ordinary and expected use because it contained *E. coli* O157:H7, a deadly pathogen.

15. The adulterated food product that the defendants manufactured, distributed, and/or sold was delivered to the plaintiff without any change in its defective condition.  The adulterated food product that the defendant manufactured, distributed, and/or sold was used in the manner expected and intended, and was consumed by the plaintiff.

16. The plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendants manufactured, distributed, and sold.

## COUNT II:  BREACH OF WARRANTIES

17. The Plaintiff repeats and realleges the allegations in Paragraphs 1 through 16 as though fully set forth herein.

18. The defendants manufactured and sold the contaminated food that created the risk and injured the plaintiff.  The defendants' contaminated food product reached their intended consumers without substantial change from the condition in which it was sold by defendants.

19. The defendants are subject to liability to the plaintiff for their breach of express and implied warranties made to their consumers, including the implied warranties of merchantability and of fitness for a particular use. Specifically, the defendants expressly warranted, through their sale of food to the public, and, on information and belief, by the statements and conduct of their employees and agents, that the food they prepared and sold to the public was fit for human consumption, and not otherwise adulterated or injurious to health.

20. The plaintiff alleges that the food sold by the defendants and consumed by the plaintiff, which was contaminated with *E. coli* O157:H7 and related filth and adulteration, would not pass without exception in the trade, and was thus in breach of the implied warranty of merchantability.

21. The plaintiff further alleges that the contaminated food sold by the defendants and consumed by the plaintiff was not fit for the uses and purposes intended by the defendants, *i.e.,* human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

22. The defendants owed a duty to their consumers and to the plaintiff to manufacture and sell only food that was not adulterated, was fit for human consumption, was reasonably safe in construction, and was free of *E. coli* O157:H7 or other substances injurious to human health. The defendants breached this duty.

23. The defendants owed a duty to their consumers and to the plaintiff to prepare, serve, and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable and ordinary consumer. The defendants breached this duty.

24. Because the food that the plaintiff purchased and consumed was adulterated, not fit for human consumption, not reasonably safe in design and construction, and was unsafe to an extent beyond that contemplated by the ordinary consumer, the defendants breached both express and implied warranties, and are liable to the plaintiff for the harm proximately caused to the plaintiff by their manufacture and sale of contaminated and adulterated food products.

## COUNT III:  NEGLIGENCE

25. The Plaintiff repeats and realleges the allegations in Paragraphs 1 through 24 as though fully set forth herein.

26. The defendants manufactured, distributed and sold a food product that was adulterated, not fit for human consumption, and that was not reasonably safe as designed, manufactured, or sold.

27. The defendants were negligent in the manufacture, distribution, and sale of food products that were adulterated with *E. coli* O157:H7, not fit for human consumption, and not reasonably safe because adequate warnings or instructions were not provided.

28. The defendants had a duty to properly supervise, train, and monitor their employees, or the employees of their agents or subcontractors, engaged in the preparation of their food products, to ensure compliance with the defendants' operating standards and to ensure compliance with all applicable health regulations.  On information and belief, the defendants failed to properly supervise, train, and monitor these employees engaged in the manufacture, preparation and delivery of the food product the defendants sold to their consumers, and thus breached that duty.

29. The defendants owed the plaintiff the duty to exercise reasonable care in preparation and sale of their food products, as it was reasonably foreseeable that the defendants' manufacture and sale of food products contaminated with *E. coli* O157:H7 would cause injury and harm to all persons who consumed the food products. The defendants breached that duty, and thereby caused injury to the plaintiff.

30. The defendants' negligent acts and omissions have caused the plaintiff physical injury, emotional distress, reasonable fear of injuries and harm, and related general and special damages.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all triable claims.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

(1) That the Court award the plaintiff judgment against the defendants, in such sums as shall be determined to fully and fairly compensate her for all general, special, incidental and consequential damages incurred as the direct and proximate result of the acts and omissions of the defendants;

(2) That the Court award the plaintiff her respective costs, disbursements and reasonable attorneys' fees incurred;

(3) That the Court award the plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

(4) That the Court award such other and further relief as it deems necessary and equitable in the circumstances.

                                              Respectfully submitted,
                                              The Plaintiff,
                                              By Her Attorneys,

Dated: February 11, 2010

                                              */s/ Peter C. Felmly*
                                              Peter C. Felmly
                                              DRUMMOND, WOODSUM, & MACMAHON
                                              84 Marginal Way, Suite 600
                                              Portland, Maine 04101
                                              Tel.  (207) 772-1941
                                              *Email:  pfelmly@dwmlaw.com*

                                              William D. Marler
                                              MARLER CLARK. L.L.P., P.S.
                                              4301 Bank of America Tower
                                              701 Fifth Avenue
                                              Seattle, WA  98104
                                              Tel.  (206) 346-1888
                                              *Email:  bmarler@marlerclark.com*

                                              (*Pro Hac Vice* Application Pending)